IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jacqueline E. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:04-22829-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Jacqueline E. Williams ("Williams") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In his Report, Magistrate Judge McCrorey recommended reversing the Commissioner's decision and remanding the case for further proceedings. For the reasons stated below, the court adopts the Magistrate Judge's Report and remands this case for further proceedings.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 13-17), and summarized as follows. At the time of the hearing before the ALJ, Williams was a forty-three-year-old woman with a high school education. (Pl.'s Mem. Supp. J. 2; R. at 13, 57.) Her past employment includes working as a courier, cashier, receptionist, switchboard operator, and rural mail carrier. (Pl.'s Mem. Supp. J. 2; R. at 14.) She alleges disability due to nerves, post-traumatic stress disorder, and major, recurrent depression. (R. at 14, 105.)

On November 12, 2002, Williams filed an application for DIB. (Id. at 13.) The application was denied initially and on reconsideration. On July 26, 2004, after a hearing on May 3, 2004, the ALJ found that Williams was not disabled. (R. at 16.) On September 10, 2004, the Appeals Council denied Williams' request for review. (Id. at 4.) Williams filed the instant action on November 1, 2004.

## II. THE MAGISTRATE JUDGE'S REPORT

Williams contends that the ALJ erred in (1) determining the relevant date last insured; (2) finding that Williams' mental impairment did not result in her being disabled; (3) disregarding Williams' treating physician's and psychologist's opinions that Williams was totally disabled; and (4) failing to obtain the expert opinion of the treating psychologist regarding the onset date of the disability or in failing to have the medical/psychiatric advisor at the hearing. (Report 3; Pl.'s Mem. Supp. J. 1-2.)

The Magistrate Judge concluded that the ALJ's opinion was ambiguous as to the date Williams was last insured, and that the date last insured had to be clarified prior to

2

determining whether the ALJ's conclusion that Williams does not have a severe impairment was supported by substantial evidence. (Report and Recommendation 5.) Specifically, the Magistrate Judge noted that although "the majority of the evidence indicates that the Plaintiff's last date insured was September 30, 2001," the ALJ also stated in his findings and at the beginning of the "Evaluation of the Evidence" section that Williams was insured through the date of his decision (July 26, 2004). (Id. 5 & n.2; R. at 16, 14.) Further, the Magistrate Judge found that

> [i]t is unclear from the ALJ's opinion whether he considered all of the medical and non-medical evidence in determining that [Williams] did not have a severe mental impairment. [Williams] presented medical treatment records and opinions from 2003 and 2004. These records and opinions may not be relevant if [Williams'] last date insured was September 30, 2001, but it is impossible to discern this from the ALJ's opinion, as this evidence was not discussed.

(Report and Recommendation 6.) The Magistrate Judge also noted that Williams had submitted a statement from her work supervisor but that "[i]t is unclear from the ALJ's . . . decision whether this lay opinion was considered in determining whether [Williams] ha[s] a 'severe' mental impairment." (Id.) For all of these reasons, the Magistrate Judge recommended reversing the Commissioner's decision denying benefits and remanding the case to the ALJ for clarification of the date last insured and for an evaluation of all of the applicable evidence to determine whether Williams has a severe mental impairment.

### III. DISCUSSION OF THE LAW

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See

3

Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the finding even if the court disagrees with it. See id. However, "a factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### B. Objections

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Williams filed no objections to the Magistrate Judge's Report. However, the Commissioner filed objections to the Report on January 30, 2005. The Commissioner concedes that the ALJ wrote the date last insured was the date of the decision in his findings. However, the Commissioner argues that the ALJ "correctly" noted elsewhere in the decision that the date last insured was September 2001, and that "during the hearing, the ALJ expressly stated that [Williams'] date-last-insured was September 30, 2001." (Objections 1.) However, the Commissioner made no mention of the ALJ's second use of the date of the decision as the date last insured in the "Evaluation of the Evidence" section of the decision.

4

(R. at 14.) The court cannot ignore the discrepancy caused by the ALJ twice noting the date last insured to be the date of the decision.

The Commissioner further argues that the ALJ specifically discussed the medical evidence from the relevant time period and that the ALJ was not required to cite all the record evidence in his opinion to prove that it was considered. However, the Commissioner's argument hinges on the assumption that the date last insured had been determined to be September 30, 2001. The court finds that the ALJ's opinion was ambiguous as to the date last insured. As such, whether the ALJ needed to address evidence after September 30, 2001, has not been determined, as that evidence may or may not be relevant to Williams' application for DIB. Hence, the Commissioner's argument that the ALJ sufficiently evaluated the evidence is without merit. Based on the foregoing, the court adopts Magistrate Judge McCrorey's Report and Recommendation.

It is therefore

**ORDERED** that the decision of the Commissioner is reversed and this case is remanded to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 2, 2006

5