IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jacqueline E. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:04-22829-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d).[1] Jacqueline E. Williams ("Williams") seeks attorney's fees and costs for services rendered in the above-captioned social security action in the amount of Four Thousand Six Hundred Twelve Dollars and Fifty Cents ($4,612.50). The Commissioner objects to the request for attorney's fees and costs.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984). "In order to defeat an award, the government must

---

[1] Although the substance of Williams' motion is a motion for attorney's fees and costs pursuant to the EAJA, and the caption on the document is listed as a petition for fees under the EAJA, the document was mysteriously docketed as if it were brought under 42 U.S.C. § 406(b).

1

show that its case had a reasonable basis both in law and fact." Id. "Substantially justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Id. at 566 (internal quotation marks omitted).

Williams argues that she is entitled to attorney's fees and costs pursuant to the EAJA because the Commissioner was not substantially justified in her position. However, in her motion, Williams offered no support for her claim that the Government was not substantially justified in its position; she just asserted that her "attorney is informed and believes that the Social Security's position in this litigation was not substantially justified and that fees and costs should be taxed for attorney's fees against the defendant." (Pl.'s Mot. Att'y's Fees 1-2.) In response, the Commissioner objects to an award of attorney's fees and costs, arguing that her position was substantially justified. Williams did not file a reply.

Upon review, the Government's position was substantially justified. The court's decision to reverse and remand for additional proceedings was based on its finding that the ALJ's opinion was ambiguous about Williams' date last insured. While the court found that the ambiguity warranted a reversal and remand, the Commissioner's position was not unreasonable or inconsistent with established authority. Because the Commissioner's position was substantially justified, the court denies Williams' motion for attorney's fees and costs pursuant to the EAJA.

It is therefore

**ORDERED** that Williams' motion for attorney's fees and costs under the EAJA, document number 12, is denied.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
March 15, 2006