IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jacqueline E. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:04-22829-HMH |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Jo Anne Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (West Supp. 2006). Carole M. Dennison ("Dennison"), counsel for Jacqueline E. Williams ("Williams"), seeks attorney's fees for services rendered in the above-captioned Social Security action in the amount of Three Thousand Nine Hundred Fifty-two Dollars and Twenty-five Cents ($3,952.25).[1] Dennison's representation of Williams resulted in an award of retroactive benefits in an amount exceeding Thirty-seven Thousand Dollars ($37,000.00).

Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a Social Security case,[2] the court finds that an award of $3,952.52 is

---

[1] Dennison's total fee of Nine Thousand Two Hundred Fifty-nine Dollars and Twenty-five Cents ($9,259.25) was calculated on a contingency basis of 25% of the gross amount awarded to Williams. An administrative fee of Five Thousand Three Hundred Dollars ($5,300) was approved by the Administrative Law Judge. This order addresses approval of all but Seven Dollars ($7.00) of the remainder of her total contingency fee. Although this apparently inadvertent omission creates a discrepancy between the amount requested and the calculation resulting in that amount, this court will only address the amount specifically requested in the motion.

[2] Courts have considered the following factors in awarding attorney's fees: "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." Craig v. Sec'y, Dep't

reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee agreements] as an independent check, to assure that they yield reasonable results in particular cases."). The requested attorney's fee is reasonable[3] given Dennison's specialized skill in Social Security cases, the expense of more than thirty (30) hours working on this matter, and the achievement of a successful result for Williams without any unreasonable delay. Further, Dennison's fee does not exceed twenty-five percent (25%) of past-due benefits.

Therefore, it is

**ORDERED** that Dennison is awarded attorney's fees in the amount of Three Thousand Nine Hundred Fifty-two Dollars and Twenty-five Cents ($3,952.25).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 18, 2006

---

of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

[3] "In exercising [the court's] discretion, . . . [the court] must adhere to established principles of law, and it must clearly explain its reasons for the award [of attorney's fees]." Craig, 864 F.2d at 328.